T.C. Summary Opinion 2010-128


UNITED STATES TAX COURT


DENNIS W. GAFFNEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13452-09S.            Filed August 30, 2010.


<u>Carol Vogt Lavine</u>, for petitioner.

<u>Kimberly L. Clark</u>, for respondent.


HAINES, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code, as amended.  Rule references are to the
Tax Court Rules of Practice and Procedure.  Amounts are rounded
to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2006 of $31,179 and a penalty under section 6662(a) of $6,236. After concessions, the remaining issues for decision are: (1) Whether petitioner is required to include in income $90,845 of cancellation of indebtedness income for taxable year 2006 as reported by Bank of America; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Oregon.

Notice of Deficiency and Procedural Background

Petitioner timely filed a joint income tax return for 2006. Upon examination of petitioner's return, respondent determined that petitioner failed to include $90,845 of cancellation of indebtedness income as reported for 2006 by Bank of America on Form 1099-C, Cancellation of Debt, and issued a notice of deficiency on March 9, 2009. Respondent also determined a penalty under section 6662(a) of $6,236. On June 3, 2009,

petitioner filed a petition claiming that the cancellation of indebtedness income reported on the Form 1099-C was erroneous.

Personal Background

Petitioner was the president of Gaffney Enterprises, Inc., an Arizona S corporation that built homes in Hawaii during 1992 and part of 1993. Because of a costly dispute with his company's insurer, petitioner and his wife sold most of their assets; and in August of 1993 they abandoned their personal residence in Hawaii and moved to an apartment in Carefree, Arizona.

Unbeknownst to petitioner, on March 14, 1994, Bank of America began proceedings against him in the Circuit Court of the First Circuit of Hawaii to foreclose the mortgage on the residence, and, during 1994, the residence was sold at public sale. On January 17, 1995, without petitioner's knowledge, Bank of America obtained a deficiency judgment against petitioner, who was insolvent, and "charged off" loan No. 3759415 in the name of Dennis Warren Gaffney for $90,845. In August of 1995 petitioner moved to Cave Creek, Arizona, where he lived until moving to his current address in Oregon in March of 1998. While in Arizona, petitioner continued to receive mail forwarded from his personal residence in Hawaii. However, petitioner never received notice of the foreclosure or the deficiency judgment, including service of process or a copy of the complaint or judgment.

After charging off loan No. 3759415 on January 17, 1995, Bank of America intermittently engaged in collection activity on the judgment. However, Bank of America erroneously focused its collection efforts in connection with loan No. 3759415 on Thomas Gaffney. Petitioner has no knowledge of Thomas Gaffney. In Bank of America's records, Thomas Gaffney was attributed the same Social Security number as petitioner and had the same address in Cave Creek, Arizona, where petitioner previously resided. According to the collection activity reports Bank of America provided to respondent, collection activities against Thomas Gaffney ceased on October 30, 2001. After cessation of collections, the only other activity that occurred with regard to loan No. 3759415 was the creation of an asset profile report on Thomas Gaffney on June 19, 2003.

In 1996 petitioner settled his dispute with his company's insurer and negotiated a settlement that included payment of his outstanding debts. Petitioner neglected to include in the settlement the judgment by Bank of America, of which he had no knowledge. Moreover, Bank of America failed to file a claim against the litigation or settlement proceeds from the insurer, despite the deficiency judgment obtained a year earlier.

In 2006 Bank of America issued a Form 1099-C to Thomas Gaffney which reported $90,845 in income from cancellation of debt for the taxable year 2006 and referenced petitioner's Social

Security number.  Petitioner never received the Form 1099-C, which was addressed to Thomas Gaffney at petitioner's former address in Cave Creek, Arizona.

In 2008 petitioner was notified by the Internal Revenue Service that he had failed to include $90,845 of cancellation of indebtedness income Bank of America reported on a Form 1099-C for the tax year 2006.  Petitioner contacted Bank of America to determine why the Form 1099-C was issued.  In response, Joy Brinley, an employee of Bank of America, sent petitioner a short letter on November 4, 2008, simply stating, without further evidence, that the account had been reviewed and the Form 1099-C was correct.

Discussion

## I.  Burden of Proof

As a general rule, the Commissioner's determinations as set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).  However, under certain circumstances the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the income tax liability of the taxpayer.  Sec. 7491(a)(1).

If an information return, such as a Form 1099-C, serves as the basis for the determination of a deficiency, section 6201(d) may apply to shift the burden of production to the Commissioner. Section 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and the taxpayer has fully cooperated with the Commissioner, then the Commissioner has the burden of producing reasonable and probative information in addition to the information return. See McQuatters v. Commissioner, T.C. Memo. 1998-88.

Petitioner disputes the correctness of the information return. Petitioner claims that the amount of the discharge of indebtedness income, if any, reported on the Form 1099-C for 2006 was incorrect and the debt should have been discharged by Bank of America in some earlier year.

Respondent does not dispute that the burden of production has shifted to respondent under section 6201(d). Indeed, respondent acknowledges that petitioner disputed the information return and cooperated with respondent. Therefore, we hold that section 6201(d) applies and that the burden is shifted to respondent to produce reasonable and probative information

concerning the deficiency in addition to the Form 1099-C Bank of America filed.[2]

In support of respondent's assertion that the discharge of indebtedness was for the correct amount and occurred in 2006, respondent provided a letter from Bank of America, which stated that the account had been reviewed and the Form 1099-C was correct, along with a collection activity report.  The letter likewise included the amount of the discharge, which petitioner did not dispute in his petition and did not raise until the end of the trial.  Thus, in the light of the evidence from Bank of America respondent provided, we find that respondent produced reasonable and probative information concerning the deficiency, meeting his burden of production under section 6201(d).[3]

---

[2]This is generally the rule in the Ninth Circuit, the Court of Appeals to which this case would be appealable but for sec. 7463(b), under Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977), in unreported income cases. See Lawson v. Commissioner, T.C. Memo. 2009-147 n.3; Rodriguez v. Commissioner, T.C. Memo. 2009-92 n.2.

[3]Whether the reasonable and probative standard of sec. 6201(d) is similar to that of Weimerskirch v. Commissioner, supra at 362 (the Commissioner must establish a minimum evidentiary foundation linking the taxpayer with the unreported income), or of Portillo v. Commissioner 932 F.2d 1128 (5th Cir. 1991) (the Commissioner may not rely solely upon naked assertions in an information return that the taxpayer received income), affg. in part, revg. in part and remanding T.C. Memo. 1990-68, respondent has met it.

II.  Year of the Discharge of Indebtedness

In general, the term "income" as used in the Internal Revenue Code means income from any source, including income for the discharge of indebtedness.  Sec. 61(a)(12); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955); United States v. Kirby Lumber Co., 284 U.S. 1 (1931).  For 2006, Bank of America issued to petitioner a Form 1099-C which reported discharge of indebtedness income of $90,845.  According to respondent, that amount is includable in petitioner's 2006 income.

The moment it becomes clear that a debt will never be repaid, that debt must be viewed as having been discharged. Cozzi v. Commissioner, 88 T.C. 435, 445 (1987).  Any identifiable event that fixes the loss with certainty may be taken into consideration.  Id. (citing United States v. S.S. White Dental Manufacturing Co., 274 U.S. 398 (1927)); cf. sec. 1.6050P-1(b)(2)(i), (iv), Income Tax Regs. (providing an exclusive list of eight "identifiable events" under which debt is discharged for information reporting purposes, including a discharge pursuant to a foreclosure, the application of a defined policy of the creditor to discontinue collection activity and discharge the debt, or the expiration of a nonpayment testing period (usually 36 months)).

The determination of whether discharge of indebtedness has occurred is fact specific and often turns on the subjective

intent of the creditor as manifested by an objectively identifiable event. <u>Cozzi v. Commissioner</u>, <u>supra</u> at 445. The issuance of a Form 1099-C is an identifiable event, but it is not dispositive of an intent to cancel indebtedness. <u>Owens v. Commissioner</u>, T.C. Memo. 2002-253, affd. in part, revd. in part and remanded 67 Fed. Appx. 253 (5th Cir. 2003). Moreover, a mere bookkeeping entry by a creditor does not result in discharge of indebtedness income. See <u>Cozzi v. Commissioner,</u> <u>supra</u> at 445.

Petitioner claims that the discharge of indebtedness income reported on the Form 1099-C for 2006 should have been reported by Bank of America in some earlier year. Petitioner's home was sold in foreclosure in 1994, and Bank of America "charged off" loan No. 3759415 in the name of Dennis Warren Gaffney on January 17, 1995. However, Form 1099-C was not sent until 2006 and was addressed to Thomas Gaffney at petitioner's former address in Cave Creek, Arizona, where he had not lived since 1998. In several cases before this Court in which a mortgage was foreclosed upon, generating discharge of indebtedness income, the Form 1099-C was issued in the same year as the foreclosure, indicating that the foreclosure was the identifiable event leading to the reporting of income from the discharge of indebtedness. See, e.g., <u>Jelle v. Commissioner</u>, 116 T.C. 63 (2001); <u>Stoddard v. Commissioner</u>, T.C. Memo. 2002-31; <u>Johnson v.</u>

<u>Commissioner</u>, T.C. Memo. 1999-162, affd. without published opinion 211 F.3d 1265 (4th Cir. 2000).

A decision by the creditor or the application of a defined policy of the creditor to discontinue collection activity and discharge the debt is an identifiable event that can force reporting of cancellation of debt income.  Sec. 1.6050P-1(b)(2)(i)(G), Income Tax Regs.  From the time of the foreclosure in 1994 until October 30, 2001, Bank of America intermittently engaged in collection activity on the judgment, as evidenced by the collection activity reports Bank of America provided to respondent.  However, the reports show no collection activities, other than the printing of an asset profile report on Thomas Gaffney during 2003, have occurred on the account since October 30, 2001.  In addition, there is a rebuttable presumption that an identifiable event has occurred that triggers the reporting of income from the discharge of indebtedness if a creditor has not received a payment on a debt at any time during a testing period, which is usually 36 months.  Sec. 1.6050P-1(b)(2)(i)(H), (iv), Income Tax Regs.  Petitioner failed to make a payment on the debt before the mortgage was foreclosed in 1994.  Thus, without additional evidence of a Bank of America policy to the contrary, it appears that the identifiable event in connection with the discharge of indebtedness, if any, occurred well before 2006.

In support of respondent's assertion that the discharge of indebtedness occurred in 2006 and not when the loan was "charged off" in 1995 or when collection activities ceased in 2001, respondent provided a letter from Bank of America which stated that the account had been reviewed and that both the Form 1099-C and the amount of the discharge of indebtedness income were correct. Although sufficient to meet respondent's burden of production under section 6201(d), the evidence respondent provided failed to indicate an identifiable event, a bank policy, or a State law that would justify the discharge of indebtedness in 2006. We find that petitioner has satisfied his burden of proving that the discharge occurred before 2006. Therefore, we hold that petitioner did not have $90,845 of income from the discharge of indebtedness by Bank of America in 2006.[4]

III. Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The Commissioner bears the burden of production with respect to penalties. Sec. 7491(c); Higbee v. Commissioner,

---

[4]Petitioner further disputes the amount of the debt on the Form 1099-C. However, because of our holding herein we find it unnecessary to address his claim.

116 T.C. 438, 446-447 (2001).  Because of our holding above, respondent has failed to meet his burden of production with respect to the penalty.  Accordingly, we hold that petitioner is not liable for the accuracy-related penalty.

The Court, in reaching its holding, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.